UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES | JUDGMENT |
|---|---|
| V. | CASE NO. 3:18 CR 88 (RAR) |
| SAAR CORPORATION | |

Government's Counsel:
**Patricia Stolfi-Collins**
Assistant U. S. Attorney
157 Church Street, 25th floor
New Haven, Connecticut 06510

Defendant's Counsel:
**Richard S. Cramer, Esquire**
21 Oak Street, Suite 308
Hartford, Connecticut 06103

The defendant pleaded guilty to Count One of the Information. Accordingly, the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| 18 U.S.C. §§ 922(m) and 924(a)(3)(B) and 2 | Failure to maintain Firearms Records (misdemeanor) | November 2015 | One |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**SUPERVISED RELEASE / PROBATION**

The defendant will be on probation for a term of one (1) year subject to the mandatory and standard conditions which are set forth below. In addition, the following special conditions are imposed:

1. The defendant will not challenge the Bureau of Alcohol, Tobacco, Firearms and Explosive's revocation of SAAR Corporation's federal firearm license ("FFL").
2. The defendant shall notify the Probation Office upon learning of the commencement of any federal criminal investigation in which the defendant is a target or of any federal criminal prosecution against the defendant.
3. The defendant shall implement and continue to implement a compliance program designed to prevent and detect the conduct which makes up the offense of conviction.

## MONETARY PENALTIES

The defendant will pay a special assessment of $125.

The defendant will also pay a fine in the amount of $50,000. To the extent that the defendant has already deposited certified funds with the Clerk of the Court, the Court orders that the funds be released to the government immediately in order to satisfy the fine.

It is further ordered that the defendant will notify the United States Attorney for this District within 30 days of any change of name, residence or mailing address until the fine and special assessment imposed by this judgment are paid.

                                      **DATE: July 27, 2018**
                                      Date of Imposition of Sentence

                           /s/ Robert A. Richardson
                                      Robert A. Richardson
                                      United States Magistrate Judge

## CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

### MANDATORY CONDITIONS

(1) You must not commit another federal, state or local crime.

(2) You must not unlawfully possess a controlled substance.

(3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ■ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4) ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

(5) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(6) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

(7) ☐ You must make restitution in accordance with 18 U.S.C.§§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable*

### STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

(2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

(3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

(4) You must answer truthfully the questions asked by your probation officer.

(5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

(7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

(9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

(10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
(12) You must follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
　　　　　　Defendant                         Date

　　　　　　_____    _____
　　　　　　U.S. Probation Officer/Designated Witness    Date

**CERTIFIED AS A TRUE COPY ON THIS DATE:** _____

By: _____
　　Deputy Clerk

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Brian Taylor
　　　　　　　　　　　　　　　　　　　　Acting United States Marshal

　　　　　　　　　　　　　　　　　By　_____
　　　　　　　　　　　　　　　　　　　　Deputy Marshal